# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| In the matter of: | ) | |
| BROWN, DALE F and | ) | CHAPTER 7 |
| BROWN, LUCINDA, | ) | CASE NO. 14-20588-JSD |
|           Debtor(s), | ) | |

### RESPONSE TO THE *NUNC PRO TUNC* APPLICATION OF JAY BLOCKSOM TO BE EMPLOYED AS A PROFESSIONAL UNDER 11 U.S.C. §327(a) AND THE APPLICATION OF JAY BLOCKSOM FOR COMPENSATION

**NOW COMES, R. MICHAEL SOUTHER,** Chapter 7 Trustee in the above-referenced captioned case (hereinafter "Trustee"), and responds to the *Nunc Pro Tunc* Application of Jay Blocksom to be Employed as a Professional Under 11 U.S.C. §327(a) [Docket No. 107] and the Application of Jay Blocksom for Compensation [Docket No. 108] as follows:

### BACKGROUND

1. Debtors filed a petition for relief under Chapter 7 of Title 11 of the U.S. Code on June 30, 2014, and R. Michael Souther was appointed as the Trustee.

2. Debtors' Schedules indicated they had an interest in certain real property known as 68 Governors Road, Hilton Head, Beaufort Co., South Carolina, with a value of $445,000.00, and encumbered by two (2) mortgages in excess of $900,000.00.

3. Trustee filed a Report of No Distribution on April 16, 2015 [Docket No. 40], and this case was closed on April 17, 2015 [Docket No. 41].

4. In mid-July 2015, Trustee received information from Jay Blocksom regarding a possible asset of the bankruptcy estate in the nature of excess funds in the amount of $342,589.65, being

held by the Treasurer of Beaufort County, SC, and generated by a tax sale of the Hilton Head property.

5. As a result of the information provided by Mr. Blocksom, and additional independent inquiry by the Trustee, Trustee filed a motion to reopen this bankruptcy case on July 22, 2015 [Docket No. 42], and the case was reopened by Order of the Court dated July 27, 2015 [Docket No. 45], and Trustee was reappointed on July 28, 2015 [Docket No. 46].

6. Thereafter, Trustee made a written demand upon the Treasurer for Beaufort County for the aforestated excess funds. On July 29, 2015, Trustee received an email from an Assistant Attorney for Beaufort County stating that the subject funds had a hold placed upon them due to a Quiet Title Action pending in Beaufort County, SC, regarding the subject property and the tax sale.

7. At that point, the Trustee employed special counsel to intervene in said Quiet Title Action. After considerable posturing, the Trustee was allowed to intervene, and eventually the litigation was settled with the bankruptcy estate receiving $65,000.00 of the excess funds from the tax sale. (*See* Trustee's Motion to Approve Compromise and Settlement [Docket No. 85] and Order Granting Motion to Approve [Docket No. 91]).

### *NUNC PRO TUNC* APPLICATION TO EMPLOY

Section 327(a) of the Bankruptcy Code establishes that "the trustee, with the Court's approval, may employ one or more ... professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title," 11 U.S.C. §327(a). And, Rule 2014 of the Federal Rules of Bankruptcy Procedure provides that an order approving the employment of

professionals pursuant to §327(a) of the Code <u>shall</u> be made <u>only</u> on the application of the trustee (emphasis added).

Pretermitting a determination as to whether Mr. Blocksom is a "professional" under 11 U.S.C. §327(a), it is clear that the application before the Court was made by Mr. Blocksom, not the Trustee. Accordingly, it is respectfully submitted that the Court is not authorized under Rule 2014 of the Federal Rules of Bankruptcy Procedure to approve Mr. Blocksom's Application for Employment.

## APPLICATION FOR COMPENSATION

Section 328 of the Bankruptcy Code allows the trustee to employ a professional person under §327 "with the court's approval ... on any reasonable terms and conditions of employment ..." 11 U.S.C. §328(a). Section 330 of the Bankruptcy Code permits the court to "award to ... a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the ... professional person ...." 11 U.S.C. §330(a)(1).

In the instant case, the Trustee acknowledges that Mr. Blocksom provided information that was ultimately beneficial to the estate. The Trustee further acknowledges that at the time Mr. Blocksom provided this information, there were discussions between Mr. Blocksom and the Trustee's staff about Mr. Blocksom requesting a commission equal to 25% of any recovered assets. However, the Trustee does not concede that he and Mr. Blocksom entered into any type of binding oral agreement as to the amount of the commission to be paid to Mr. Blocksom. Assuming *arguendo* that there was a binding oral agreement as to the amount of commission to be paid to Mr. Blocksom, such agreement would nevertheless be subject to the reasonableness test under Section 330 before approval thereof by the Court.

As previously noted, Mr. Blocksom did provide the Trustee with information that ultimately lead to the recovery of $65,000.00 for the benefit of the bankruptcy estate. The Trustee also is of the opinion that no one else was going to apprise him of the fact that the bankruptcy estate had a claim to the overage funds being held by the Treasurer of Beaufort County. Thus, the Trustee believes that Mr. Blocksom is entitled to some amount of reasonable compensation for the information he provided; however, the Trustee does not support an award of compensation equal to twenty-five percent (25%) of the recovered funds.

It is submitted that Mr. Blocksom provided no services for the bankruptcy estate other than making a telephone call alerting the Trustee to the existence of the aforesaid overage funds. Thus, in essence, what Mr. Blocksom is seeking is a "finder's fee."

In determining what is reasonable compensation for a "finder's fee", the Trustee submits that an analogous area of the law the Court might consider looking into is the amount of compensation allowable under the abandoned property legislation of Georgia and South Carolina. Under the provisions of the Uniformed Unclaimed Property Act adopted by South Carolina (S.C. Code Ann. §27-18-10), it is <u>unlawful</u> for a person such as Mr. Blocksom to contract for a fee to recover unclaimed property in excess of fifteen percent (15%) of the recovery. S.C. Code Ann. §27-18-360. And, in fact, a person charging more for recovery services is guilty of a misdemeanor under South Carolina law.

Georgia has adopted the Disposition of Unclaimed Property Act (O.C.G.A. §44-12-190), which is modeled on the Uniform Unclaimed Property Act of 1981 (*see* <u>Benson v. Simon Property Group, Inc.</u>, 281 Ga. 744). Under the Georgia statute, the fees charged by a person such as Mr. Blocksom in recovering unclaimed property shall not exceed ten percent (10%) of the value of the property recovered. O.C.G.A. §44-12-224(b).

The situation before this Court is analogous to a person contracting with another person to assist in the recovery of unclaimed property. Thus, Trustee submits that the laws of Georgia and South Carolina, as set forth above, capping the fees a person, such as Mr. Blocksom, is allowed to charge for such assistance may provide some guidance to this Court in deciding reasonable compensation to which Mr. Blocksom may be entitled under 11 U.S.C. §330(a)(1) if, indeed, he is entitled to any compensation at all given the fact that his employment was not previously approved by the Court. *See* In re 31-33 Corp., 100 B.R. 744, 747 (Bankr. E. D. Pa. 1989).

## CONCLUSION

Trustee respectfully submits that for the reasons set forth above, Mr. Blocksom's *Nunc Pro Tunc* Application to be Employed as a Professional Under 11 U.S.C. §327(a) should be denied. Alternatively, should the Court determine that Mr. Blocksom has rendered services to the bankruptcy estate for which he is entitled to be compensated, Trustee submits that Mr. Blocksom is not entitled to the compensation that is requested, and further submits that any such compensation that may be awarded should be reasonable under the circumstances as provided for under 11 U.S.C. §330(a)(1)(A).

Dated this May 16, 2016.

                                       */s/ R. Michael Souther**
                                       R. MICHAEL SOUTHER
                                       Attorney for the Chapter 7 Trustee

P.O. Box 978
Brunswick, GA 31521
(912) 265-5544

*\*The signature represented by "/s/" on this document conforms to original signature on the paper version of this document maintained by the filing user.*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| **In the matter of:** | ) | |
| **BROWN, DALE F and** | ) | **CHAPTER 7** |
| **BROWN, LUCINDA,** | ) | **CASE NO. 14-20588-JSD** |
| Debtor(s), | ) | |

## CERTIFICATE OF SERVICE

 This is to certify that I have this day served upon the following a copy of the foregoing **Withdrawal** by placing the same in the United States Mail with sufficient postage affixed thereto to assure delivery:

| | |
|---|---|
| Mr. Dale F. Brown | Mr. Jay Blocksom |
| Mrs. Lucinda Brown | 2927 Panhandle Circle |
| 144 Harrison Pointe | Augusta, GA  30906 |
| St. Simons Island, GA  31522 | |

 The following parties will receive electronic service in this case through the electronic filing system of this Court:

| | |
|---|---|
| Matthew Mills, Esq. | Amanda Fordham Williams |
| Assistant U. S. Trustee | #5 St. Andrews Court |
| Johnson Square Business Center | Brunswick, GA  31520 |
| 2 East Bryan Street, Suite 725 | eamandawilliams@gmail.com |
| Savannah, GA  31401 | |
| Ustpregion21.sv.ecf@usdoj.gov | |

Dated this May 16, 2016.

                  By:  /s/  R. Michael Souther   *
                      R. Michael Souther
                      Chapter 7 Trustee

P.O. Box 978
Brunswick, GA  31521-0978
(912) 265-5544
State Bar No. 668325

*\*The signature represented by "/s/" on this document conforms to original signature on the paper version of this document maintained by the filing user.*