FILED

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

2016 MAY 19 AM 11:06

U.S. BANKRUPTCY COURT
AUGUSTA, GA

| | |
|---|---|
| **In the matter of:** ) | **CHAPTER 7** |
| **BROWN, DALE F and BROWN, LUCINDA,** ) | **CASE NO. 14-20588-JSD** |
| ) | |
| Debtor(s), ) | |

### COUNTER RESPONSE TO THE *NUNC PRO TUNC* APPLICATION OF JAY BLOCKSOM TO BE EMPLOYED AS A PROFESSIONAL UNDER 11 U.S.C. §327(a) AND THE APPLICATION OF JAY BLOCKSOM FOR COMPENSATION

**NOW COMES, Jay Blocksom,** (hereinafter "Movant") Asset Recovery Specialist in the above-referenced captioned case (hereinafter "Trustee"), and counter responds to Trustee's Response to the *Nunc Pro Tunc* Application of Jay Blocksom to be Employed as a Professional Under 11 U.S.C. §327(a) [Docket No. 107] and the Application of Jay Blocksom for Compensation [Docket No. 108] as follows:

### BACKGROUND

1. Debtors filed a petition for relief under Chapter 7 of Title 11 of the U.S. Code on June 30, 2014, and R. Michael Souther was appointed as the Trustee.

2. Debtors' Schedules indicated they had an interest in certain real property known as 68 Governors Road, Hilton Head, Beaufort Co., South Carolina, with a value of $445,000.00, and encumbered by two (2) mortgages in excess of $900,000.00.

3. Trustee filed a Report of No Distribution on April 16, 2015 [Docket No. 40], and this case was closed on April 17, 2015 [Docket No. 41].

4. In mid-July 2015, Movant contacted Trustee regarding a possible asset of the bankruptcy

Page -1-

Estate in the nature of excess funds in the amount of $342,589.65, being held by the Treasurer of Beaufort County, SC, and generated by a tax sale of the Hilton Head property.

5. As a result of the information provided by Movant, and additional independent inquiry by the Trustee, Trustee filed a motion to reopen this bankruptcy case on July 22, 2015 [Docket No. 42], and the case was reopened by Order of the Court dated July 27, 2015 [Docket No. 45], and Trustee was reappointed on July 28, 2015 [Docket No. 46].

6. Thereafter, Trustee made a written demand upon the Treasurer for Beaufort County for the aforestated excess funds. On July 29, 2015, Trustee received an email from an Assistant Attorney for Beaufort County stating that the subject funds had a hold placed upon them due to a Quiet Title Action pending in Beaufort County, SC, regarding the subject property and the tax sale.

7. At that point, the Trustee employed special counsel to intervene in said Quiet Title Action. After considerable posturing, the Trustee was allowed to intervene, and eventually the litigation was settled with the bankruptcy estate receiving $65,000.00 of the excess funds from the tax sale. (*See* Trustee's Motion to Approve Compromise and Settlement [Docket No. 85] and Order Granting Motion to Approve [Docket No. 91]).

## *NUNC PRO TUNC* APPLICATION TO EMPLOY

Section 327(a) of the Bankruptcy Code establishes that "the trustee, with the Court's approval, may employ one or more ... professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title," 11 U.S.C. §327(a). And, Rule 2014 of the Federal Rules of Bankruptcy Procedure provides that an order approving the employment of professional pursuant to §327(a) of the Code shall be made only on the application of the trustee (emphasis added).

Trustee argues that the Court is not authorized under Rule 2014 of the Federal Rules of Bankruptcy to approve Movant's Application for Employment. Movant, being unfamiliar with Federal Bankruptcy Procedure respectfully counter submits his belief that while the Court may or may not be authorized to make such an approval, the Court does have the authority to either order Trustee to fulfill his agreement with Movant and submit an application for employment to the Court as the result of professional service rendered to the Estate or; (2) in light of Trustee having no reasonable excuse for never filing an application for said employment, award the compensation Movant seeks in his application for compensation.

Trustee's responses offer nothing collectively, nor individually to suggest that the Court would not have, in all probability, approved a timely filed motion by him to employ Movant as he did so timely file to employ accountant and special counsel.

Movant believes Trustee may have, in fact, committed a breach of his fiduciary duties as Trustee when he entered into an oral agreement with Movant for the purpose of garnering information about the excess funds, recovered those funds and began distribution of those funds and then arbitrarily decided not to honor the agreement he made with Movant by failing to submit an application to both employ and compensate Movant.

Trustee has, until now, not offered a reasonable explanation to Movant, nor can it be found anywhere in his responses, the reason(s) for why he never submitted a motion to employ Movant in the over eight months since he had made the oral agreement to seek employment of Movant. Even after Trustee was in possession of the recovered funds for over several weeks, he never submitted an application to employ Movant, and neither he, nor any of his agents ever contact Movant regarding the same.

The only conclusion Movant can arrive at is to believe that there was never any intention by Trustee from the outset to employ, let alone compensate him for any service he provided to the Estate. Since Trustee offers no answer to this looming question in any of his responses, the responses, in their entirety, should therefore, be rejected.

## APPLICATION FOR COMPENSATION

Giving Trustee benefit of the doubt, Movant is at a loss to understand why and when Trustee's posture has obviously changed about employing his professional service. The reason(s) he offers now in his responses were never voiced nor communicated to Movant in any way. Moreover, the responses he now offers for breaching his agreement with Movant is totally inconsistent with the reasons he expressed to Movant in a telephone call on Thursday, April 7th, 2016. The four reasons Trustee gave were: (1) The amount recovered was significantly less than expected – 65k and not 342k; (2) Beaufort County was displeased when he related how he had become aware of the excess proceeds on the sale of the tax foreclosed property emphasizing that he had not mentioned my name; (3) the estate had accumulated 15k in legal fees and; (4) the debtors would not be very pleased to learn that you are the one who caused this situation to come to light regarding the excess proceeds. When Movant respectfully declined the modified offer, Trustee became angry with Movant, told Movant "you'll have to file it (the application to employ) yourself" and then abruptly ended the call by hanging up. Since Trustee neither disputes nor denies Movant's affirmations as facts, his responses should be rejected in their entirety.

In a related and subsequent phone call Movant had with U.S. Assistant Trustee Matthew Mills discussing Trustee's possible breach, Mr. Mills never mentioned any of the reasons Trustee now offers in his responses as to why Movant should be neither employed nor compensated for the service he provided to the Estate. After saying that he had talked with Trustee about the matter, Mr. Mills would only reiterate that Trustee told him he was still willing to submit and support a motion to employ for 10%, but not for 25%. Mr. Mills went on to the tell Movant that he did not believe Movant could be retroactively employed so there was a risk Movant might end up not receiving any compensation should he elect not to accept Trustee' offer of 10%.

It was upon hearing this that Movant decided that if he could lose either way with Trustee not being able to retroactively employ him for 10%, then there would be nothing for him to lose in applying for the 25% as previously agreed.

Trustee acknowledges that were it not for Movant he would not have had any knowledge of the overage funds as "no else was going to apprise him of the fact that the bankruptcy estate had a claim to the overfunds..." In so doing, Trustee agrees that Movant did indeed provide a benefit to the Estate through the professional service he gave to Trustee which is one of the nine prongs Movant meets for *nunc pro tunc* employment consideration - *In re Twinton Properties Partnership,* 27 B.R. 817 (Bankr. M.D. Tenn. 1983). Movant proffers that he meets all of the 9 prongs of the Twinton standard which are:

(1) that the debtor expressly contracted for the services rendered,
(2) that the party for whom the work was performed approves the entry of the *nunc pro tunc* order,
(3) that the applicant provided notice and the opportunity for the filing of objections,
(4) that no creditor offered a reasonable objection,
(5) that the professional satisfied all criteria for employment at or before the time services were commenced and remained qualified during the time services were provided,
(6) that the work was performed properly, efficiently, and to a high standard of quality,
(7) that no actual or potential prejudice will inure to the estate or other parties in interest,
(8) that the applicant's failure to seek pre-employment approval is satisfactorily explained, and
(9) that the applicant exhibits no pattern of inattention or negligence.

Trustee suggests that while Movant should receive some reasonable compensation for the service agreed and provided he just doesn't think it should, if any, be for the agreed amount. Trustee does not offer now, nor has he previously, offered any case law, authority or reasonable rationale for how he arrives at the conclusion Movant should not receive the agreed to amount of 25% outside of the most credible response he gave in the telephone conversation that

Movant should get less because he [Trustee] got less than expected. Consequently, such an unfounded, unsupported and arbitrary position should warrant total rejection of the Trustee's responses to Movant's application for employment and compensation.

Trustee's averment "that it is submitted that Mr. Blocksom provided no service to the Estate other than <u>making a telephone call</u> to the Trustee to the existence of aforesaid overage funds" is blatantly untrue and seeks to trivialize Movant's professional efforts and occupation. Movant, in fact, never divulged any details of the overage funds in his initial conversation with Trustee's representative, Ms. Sharon Minnick, to Trustee himself, nor anyone else in Trustee's office. It was only after Trustee orally agreed to a 25% contingency fee through Ms. Minnick that Movant then forwarded a packet of information via a fax and email to Trustee containing the results of his investigative research connecting the funds to the debtors and Trustee.

Even if Trustee somehow now believes he has found a reason to deny support of employment and compensation to Movant, it is not the reason he gave Movant, Mr. Mills or the other attorneys who interceded on Movant's behalf. While these things collectively suggest failure by Trustee to act in good faith and a possible breach of his fiduciary duties, Movant seeks only compensation for his service to the Estate as relief.

Summarily, Movant believes that exceptional circumstance surrounding the instant matter allows the Court to use its discretion to provide remedy by either (1) compelling Trustee to employ Movant, (should that become necessary for this professional to be compensated and who meets the nine prong burden required for *nunc pro tunc* consideration) to then grant Movant's application for compensation and be paid 25% of the gross amount recovered by Trustee for the Estate or; (2) for the Court to affect the same result with or without Trustee' support.

In a flawed attempt to determine he believes to be reasonable compensation for a "finder's fee", Trustee makes a gross error when he makes analogy to the area of law covered in both Georgia and South Carolina's abandoned property laws to help the Court consider what is

"reasonable" compensation for Movant's service.   Trustee's argument for asking the Court not to grant Movant's application for compensation is completely misplaced for several reasons.

Both the South Carolina and Georgia statute refer to unclaimed properties that have been specifically delivered to the either the Commissioner of, or the Unclaimed Property Division of these respective states.  Movant was not aware of, at the time he made an oral agreement with Trustee for a contingency fee of 25%, nor is now aware of, any statutes made by either state' unclaimed property division in the respective states which bind entities within a sovereignty, particularly municipal and county levels to the same standards it sets for finders of unclaimed property being held at the state level.

Moreover, the statute which TRUSTEE elected to reference was not presented to the Court in its full context.  The excerpted citation applies only to any unclaimed property delivered to the Commissioner of Unclaimed Property for the State of Georgia:

> **44-12-224. Agreement and fees for recovery or assistance in recovery of property reported and <u>delivered to commissioner</u>**
>
> (a) All agreements to pay compensation to recover or assist in the recovery of property reported and delivered to the commissioner under this article shall be unenforceable for 24 months after the date of payment or the *<u>delivery of property to the commissioner.</u> (*emphasis added)
>
> (b) The fees charged by any person, firm, or corporation to recover or assist in the recovery for and on behalf of a claimant of property reported and *<u>delivered to the commissioner</u> under this article shall not exceed 10 percent of the value of the property recovered. All funds or property located by a person to be compensated by the payment of such a fee shall be paid or delivered directly to the owner and may not be paid or delivered to the person to receive the fee whether pursuant to a duly executed power of attorney or otherwise." (*emphasis added)

*2010 Georgia Code - Title 44 – Property – Chapter 12 – Rights In Personalty – Article 5 Disposition Of Unclaimed Property – § 44-12-224*

The state of South Carolina similarly addresses finder fee laws and reads as follows:

Page -7-

Title **SECTION 27-18-360.** Restrictions on agreements to recover or assist in recovery of reported property; penalties.

All agreements to pay compensation to recover or assist in the recovery of property reported under Section 27-18-180, made within twenty-four months after the date payment or delivery is made under Section 27-18-200 are unenforceable. It is unlawful for any person to seek or receive from any person or contract with any person for any fee or compensation for locating or purporting to locate any property which he knows has been reported or paid or *<u>delivered to the administrator</u> pursuant to this chapter, in excess of fifteen percent of the value thereof returned to the owner. Any person violating this section is guilty of a misdemeanor and, upon conviction, must be fined not less than the amount of the fee or charge he has sought or received or contracted for, nor more than ten times the amount, or imprisoned for not more than thirty days, or both. (*emphasis added)

HISTORY: 1988 Act No. 658, Part II, Section 34A.

*South Carolina Code of Laws Unannotated – Title 27 – Property and Conveyances – Chapter 18 - Uniform Unclaimed Property Act* Since the overage funds recovered by Trustee for the Estate were never received by, nor ever in the possession of either state' unclaimed property divisions the finder fee statutes are not applicable. Thus, Trustee' charges that Movant is in violation of the laws of these states are without merit and should be rejected.

Movant is duly aware that contingency fees of any kind can indeed be modified by a court having jurisdiction in the matter. The standard for doing so however is if and when such fees are found to be unreasonable. Trustee offers no reason for the Court to disturb the amount agreed to between him and Movant other than the flawed application he makes to the Unclaimed Property Laws for the abandoned and unclaimed property division for the states of South Carolina and Georgia. It should be noted that the standard fee percentage for contingency agreements is from 30% to 40%. Movant's contingency is only 25% and less than the average. While such standard fees are generally found in personal injury and other tort

cases between attorneys and their clients, it is also generally accepted by other Courts to determine reasonable vs. unreasonable fees.

Two of the Court's sisters lend further support in guiding Movant's counter responses that his 25% contingency fee is not unreasonable. *In Bedrosian-Wheeler – caeb, bk no. 09-31872-c-7 (2014)* Honorable Chief Judge Christopher M. Klein approved both the application employment and compensation of Movant based on the contingency agreement he had with the trustee in that case for 25% of any gross amount the trustee recovered. *(EXHIBIT 1A – attached)* Similarly, *in Franco and Melendez, caeb, 09-19960 – (2014)* Honorable Judge W. Richard Lee also approved the motions to employ and compensate Movant for the professional service he rendered to the trustee in that case finding his 25% contingency fee not to be unreasonable. *(EXHIBIT 2A – attached)* In both cases, there were no objections.

## CONCLUSION

Summarily, because Trustee (1) has breached his agreement with Movant by not submitting an application to employ him; (2) did not include notification to Movant regarding the proposed settlement nor its process as an interested person; (3) knowingly or unknowingly misrepresented interpretation of the Unclaimed Property statutes for both the State of Georgia and South Carolina in his responses and; (4) has thereby, presented Movant in the most unfavorable light as having violated the laws of two states, his responses should be rejected in their entirety and compensation provided to Movant via any remedy the Court deems proper.

Dated this 19th day of May, 2016

*Jay Blocksom*
Jay Blocksom
Asset Recovery Specialist
Blocksom & Blocksom LLC

2927 Panhandle Circle
Augusta, GA 30906
(770) 651-7973

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| **In the matter of:** | ) | CHAPTER 7 |
| **BROWN, DALE F and** | ) | CASE NO. 14-20588-JSD |
| **BROWN, LUCINDA,** | ) | |
| Debtor(s), | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the following a copy of the foregoing by placing the same in the United States Mail with sufficient postage affixed thereto to assure delivery:

Mr. Dale F. Brown
Mrs. Lucinda Brown
144 Harrison Pointe
St. Simons Island, GA 31522

R. Michael Souther
P.O. Box 978
Brunswick, GA 31521- 0978

Matthew Mills, Esq.
Assistant U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Suite 725
Savannah, GA 31401

Amanda Fordham Williams
#5 St. Andrews Court
Brunswick, GA 31520

Dated this 19th day of May, 2016

*Jay Blocksom*
Jay Blocksom
Asset Recovery Specialist
Blocksom & Blocksom LLC

2927 Panhandle Circle
Augusta, GA 30906
(770) 651-7973

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTE ORDER

| | | | |
|---|---|---|---|
| **Case Title :** | Linda L. Bedrosian-Wheeler | **Case No :** | 09-31872 – C – 7 |
| | | **Date :** | 3/18/14 |
| | | **Time :** | 09:30 |
| **Matter :** | [44] – Motion/Application for Compensation [JB-1] for Jay Blocksom, Other Professional(s), Fee: $61726.67, Expenses: $0.00. Filed by Other Professional Jay Blocksom (mgas) | | |
| **Judge :** | Christopher M. Klein | | |
| **Courtroom Deputy :** | Danielle Hendricks | | |
| **Reporter :** | Diamond Reporters | | |
| **Department :** | C | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Trustee's Attorney – Loris Bakken
Trustee's specialist – Jay Blocksom
**Respondent(s) :**
None

## CIVIL MINUTE ORDER

Findings of fact and conclusions of law having been stated orally on the record and good cause appearing.

IT IS ORDERED that the motion is granted.

Dated: March 25, 2014

_____
United States Bankruptcy Judge

1  THE SUNTAG LAW FIRM
   A Professional Corporation
2  DANA A. SUNTAG (California State Bar No. 125127)
   LORIS L. BAKKEN (California State Bar No. 215033)
3  The Kress Building
   20 North Sutter Street, Fourth Floor
4  Stockton, California 95202
   Telephone: (209) 943-2004
5  Facsimile: (209) 943-0905

6  Attorneys for Chapter 7 Trustee
   GEOFFREY RICHARDS
7

8              UNITED STATES BANKRUPTCY COURT

9                EASTERN DISTRICT OF CALIFORNIA

10
   IN RE:                              )  NO: 09-31872-C-7
11                                     )
                                       )  DC No.: SLF 2
12 LINDA L. BEDROSIAN-WHEELER,         )
                                       )  **CHAPTER 7 TRUSTEE**
13         Debtor.                     )  **GEOFFREY RICHARDS' VERIFIED**
                                       )  **APPLICATION FOR ORDER**
14                                     )  **AUTHORIZING EMPLOYMENT OF**
                                       )  **ASSET RECOVERY SPECIALIST**
15                                     )  **JAY BLOCKSOM OF BLOCKSOM &**
                                       )  **BLOCKSOM, LLC**
16                                     )
                                       )  Date: January 7, 2014
17                                     )  Time: 9:30 a.m.
                                       )  Place: Department C
18 _____)  The Honorable Christopher M. Klein

19

20

21

22

23

24

25

26

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST    1

        Chapter 7 Trustee Geoffrey Richards seeks authorization to employ asset recovery specialist Jay Blocksom, of Blocksom & Blocksom LLC, who is assisting the Trustee in locating and recovering undisclosed probate funds that are property of the estate.

        Mr. Richards respectfully represents as follows:

        1.     The Debtor filed this case on June 10, 2009, and Geoffrey Richards was appointed as the Trustee. On October 6, 2009, this case was closed.

        2.     In late October 2013, Mr. Blocksom sent an email to Mr. Richards stating that he had conducted an investigation that revealed an undisclosed governmental agency was holding $246,906.69 of funds that he believed are property of the estate in this case. Mr. Blocksom's email stated that he would assist Mr. Richards in recovering the funds, and that under his standard agreement for these types of matters he receives 25 percent of the gross recovery. (Ex. A).

        3.     In response, Mr. Richards telephoned Mr. Blocksom to make further inquiry about the facts and the funds. He also inquired as to which agency was holding the funds and why they were holding the funds. Mr. Blocksom was willing to provide this information based on a reasonable assurance that he would be compensated for the work he had done to discover the asset and report it to Mr. Richards.

        4.     Mr. Blocksom then provided to Mr. Richards' counsel a page from the Placer County Treasurer – Tax Collector website, which confirms the County is holding $246,906.69 in unclaimed funds from the estate of Thelma Louise Bedrosian (the "Probate Funds"), and that Debtor Linda Bedrosian-Wheeler is the heir to the Probate Funds. (Ex. B).

        5.     Mr. Richards asked Mr. Blocksom for additional information to confirm that the Linda Bedrosian-Wheeler identified on the Placer County Treasurer – Tax Collector website is the same as person as the Debtor. Mr. Blocksom provided the information, which showed Debtor Linda Bedrosian-Wheeler is the beneficiary of the probate estate of Thelma Louise

1  Bedrosian, who died on April 18, 2009, before the Debtor filed this case. (Ex. C). The Debtor did
2  not identify her interest in her mother's estate on her schedules.
3        6.    On November 14, 2013, the Court granted the U.S. Trustee's motion to
4  reopen the case for the purpose of administering the Probate Funds. (Docket No. 27).
5  Mr. Richards was reappointed trustee in the reopened case. (Docket No. 28).
6        7.    Mr. Richards is taking steps to recover the Probate funds from the Placer
7  County Treasurer – Tax Collector.
8        8.    Mr. Richards wishes to employ Mr. Blocksom so that he may be
9  compensated for his work in locating the Probate Funds and providing information to
10 Mr. Richards so that Mr. Richards can attempt to recover the Probate Funds.
11       9.    Mr. Blocksom's proposed fee is 25 percent of the gross recovery of the
12 Probate Funds, subject to approval by the Bankruptcy Court. If there is no recovery,
13 Mr. Blocksom will not receive any fees. Mr. Blocksom will be responsible for all costs he incurs.
14 (Blocksom Decl., ¶ 2).
15       10.    Mr. Blocksom formed Blocksom & Blocksom LLC in 2009 as an asset
16 recovery firm. Mr. Blocksom has substantial experience in auditing county, state, federal and
17 corporate entities to locate unclaimed assets and monies and recover them. Mr. Blocksom
18 reviews public records, court documents, deeds, wills, bankruptcy filings, obituaries, and
19 databases to locate unclaimed funds and potential claimants. (Blocksom Decl., ¶ 3, Ex. D).
20       11.    If it were not for the work that Mr. Blocksom did in locating the Probate
21 Funds and advising Mr. Richards about them, the estate would not have known about the
22 Probate Funds and therefore would not be able to recover the Probate Funds.
23       12.    Mr. Richards believes that employing Mr. Blocksom is in the best interest of
24 the estate and that the Court should approve it.
25       13.    Bankruptcy Code Section 327(a) authorizes the Trustee, with Court
26 approval, to employ a professional to assist the trustee in carrying out his duties if such

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST    3

1  professional does not represent or hold any interest adverse to the debtor or to the estate with
2  respect to the matter on which such professional is to be employed.
3      14.   Mr. Blocksom has not been retained for any prepetition services on behalf
4  of the Debtor or the Trustee, and he has not received retainers or advanced fees. (Blocksom
5  Decl., ¶ 4).
6      15.   Mr. Blocksom does not hold any interest adverse to the Debtor or to the
7  estate and:
8      (i)   is not a creditor, an equity security holder, or an insider of the Debtor;
9      (ii)   is not and was not, within two years before the date of the filing of the
10  petition, a director, officer, or employee of the Debtor;
11      (iii)   does not have an interest materially adverse to the interest of
12  Trustee, the estate, or any class of creditors or equity security holders, by reason of any direct or
13  indirect relationship to, connection with, or interest in, the Debtor or Trustee; and
14      (iv)   does not have any connection with the Debtor, Trustee, the United
15  States Trustee, or any person employed in the Office of the United States Trustee. (Blocksom
16  Decl., ¶ 5).
17      WHEREFORE, Mr. Richards respectfully requests that the Court authorize him to
18  employ Mr. Blocksom according to the terms in this application and that it grant such other and
19  further relief as is appropriate.

Dated: December 9, 2013

THE SUNTAG LAW FIRM
A Professional Corporation


BY: /s/ Loris L. Bakken
LORIS L. BAKKEN
Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST    4

## VERIFICATION

1  I, GEOFFREY RICHARDS, am the Trustee in this case. I have read the above application and verified its accuracy and I approve it.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on December 6, 2013, at Orinda, California.


GEOFFREY RICHARDS

APPLICATION FOR AUTHORIZATION
TO EMPLOY ASSET RECOVERY SPECIALIST    5

Case 09-19960   Filed 03/18/14   Doc 58

*EXHIBIT 2A*

SHERYL A. STRAIN
CHAPTER 7 TRUSTEE
575 E. ALLUVIAL #101
FRESNO, CA 93720
PHONE (559) 435-2100
FAX (559) 435-5656

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No.: 09-19960-B-7 |
| VICTOR MANUEL FRANCO and | DC NO. SAS-1 |
| MARIA ALBISELA MELENDEZ | |
| | Date: March 12, 2014 |
| | Time: 10:00 a.m. |
| Debtors. | Dept. B, Courtroom 12, Fresno |
| | Honorable W. Richard Lee |

**ORDER AUTHORIZING EMPLOYMENT OF ASSET RECOVERY SPECIALIST AND AUTHORIZING PAYMENT OF FEES**

The motion of Sheryl A. Strain, the Chapter 7 Trustee, for an Order Authorizing Trustee to employ and compensate an Asset Recovery Specialist (Blocksom and Blocksom LLC) came on regular hearing on March 12, 2014 at 10:00 a.m., before the Honorable W. Richard Lee.

After reviewing the Motion, evidence presented and with no opposition,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Trustee's Motion for Order Authorizing Employment of Asset Recovery Specialist is granted.

2. Trustee is authorized to pay Asset Recovery Specialist a fee in the amount of 25% of the gross amount recovered.

3. The provisions of Federal Rule of Bankruptcy Procedure 6004 (h) are ~~waived~~ not applicable.

DA Dated: Mar 18, 2014

W. Richard Lee
United States Bankruptcy Judge

RECEIVED
March 17, 2014
CLERK, U.S. BANKRUPTCY
EASTERN DISTRICT OF CALI
0005143451