IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE: )<br>)<br>DALE F. BROWN )<br>LUCINDA BROWN )<br>)<br>    Debtors )<br>_____)<br>JAY BLOCKSOM )<br>)<br>    Movant )<br>)<br>v. )<br>)<br>DALE F. BROWN )<br>LUCINDA BROWN )<br>    Debtors )<br>)<br>and )<br>)<br>R. MICHAEL SOUTHER )<br>    Ch. 7 Trustee )<br>)<br>    Respondents ) | CHAPTER 7 CASE<br>NUMBER <u>14-20588</u><br><br>**FILED**<br>Lucinda B. Rauback, Clerk<br>United States Bankruptcy Court<br>Brunswick, Georgia<br>*By arowe at 3:36 pm, Aug 04, 2016* |

**OPINION AND ORDER APPROVING THE APPLICATION TO EMPLOY**
<u>**JAY BLOCKSOM AND DETERMINING REASONABLE COMPENSATION**</u>

Pursuant to notice, this matter came on for hearing on the Nunc Pro Tunc Application to Employ Jay Blocksom of Blocksom & Blocksom LLC as Asset Recovery Specialist ("Application to Employ") and the Application for Compensation of Asset Recovery Specialist's Fee ("Application for Compensation") with objection by the Debtors and response by the Trustee.[1]

---

[1] The Debtors specifically objected to the Application for Compensation. (ECF No. 111.) The Trustee responded to both the Application for Compensation and the Application to Employ. (ECF No. 118.)

AO 72A

(Rev. 8/82)

Based on the following findings of fact and conclusions of law, the Application to Employ is approved, and the Application for Compensation is approved in the amount of $6,500.00.

## FINDINGS OF FACT

The Debtors filed their chapter 7 bankruptcy petition on June 30, 2014. (ECF No. 1.) In their schedules, the Debtors listed property located at 68 Governors Road, Hilton Head, South Carolina ("Property"). (ECF No. 1-1 at 9.) On April 16, 2015, the Trustee filed a Report of Inventory and Report of Abandonment of Property (ECF No. 40), and the case was closed on April 17, 2015. (ECF No. 41.)

Jay Blocksom is the president of Blocksom and Blocksom LLC, a registered asset recovery business in the State of Georgia. (ECF No. 107 at 3.) On July 14, 2015, Blocksom spent 10.5 hours reviewing the tax-sale overage records of Beaufort County, South Carolina for the year 2013. (Movant's Ex. 1, Timesheets.) During the review, he discovered that the Property had been sold in a tax sale and that the overage from the sale, in the amount of $342,589.65,[2] was being held by the Treasurer of Beaufort County, South Carolina. (See Hearing and ECF No. 108 at 1.)

On July 22, 2015, Blocksom contacted the Trustee's office to negotiate a price for the information Blocksom had learned about

---

[2] This amount was initially identified by Blocksom as the "approximate sum of $340,000" in his Application for Compensation. (ECF No 108 at 1.) The Trustee clarified the amount as $342,598.65 in his response. (ECF No. 118 at 1.)

2

the tax-sale overage, which would be property of the bankruptcy estate. (See ECF No. 107 at 2.) According to Blocksom, he spoke with a representative of the Trustee's office and agreed to send the information conditioned on compensation equal to 25% of the amount recovered by the Trustee. (Id.)

The Trustee admits that Blocksom provided information that was ultimately beneficial to the Debtors' estate and that a conversation was held in which Blocksom requested compensation equal to 25% of the recovery. (ECF No. 118 at 3.) But the Trustee contends that no binding contractual agreement was made as to Blocksom's compensation. (Id.)

Based upon the information provided by Blocksom, the Trustee filed a motion to reopen the Debtors' bankruptcy case. (ECF No. 118 at 2.) After serving a written demand upon the Treasurer of Beaufort County, the Trustee learned that the tax-sale overage was subject to a pending Quiet Title Action. (Id.) In order to recover the money, the Trustee employed special counsel to intervene, and the matter was ultimately settled (Order Approving Trustee's Settlement, ECF No. 91), with the Debtors' estate receiving $65,000.00. (ECF No. 118 at 2.)

Blocksom submitted his Application to Employ and his Application for Compensation on April 29, 2016. (ECF Nos. 107, 108.)[3] The Application for Compensation asserts that the Trustee

---

[3] Blocksom initially filed a defective application on April 25, 2016, titled "Application for Retroactive Employment of Jay Blocksom, Asset Recovery Specialist for Service Performed for Trustee of the Estate Pursuant to

3

received $65,974.71 as a result of the settlement agreement, of which Blocksom seeks $16,493.52 (25% of the recovery).[4] (ECF No. 108 at 2.)

At hearing, Blocksom appeared pro se and submitted timesheets for a total of 91 hours. (Movant's Ex. 1, Timesheets.)[5]

## CONCLUSIONS OF LAW

As a threshold matter, I must first determine whether I may approve Blocksom's Application to Employ on a *nunc pro tunc* basis. Only after making that determination may I address the Application for Compensation and the issues raised by the Trustee and the Debtors.

### I. Blocksom's Application to Employ May Be Approved Nunc Pro Tunc.

Applications to employ professionals *nunc pro tunc* ask for approval of a professional's employment after the service has been performed. Implicitly, approving the retroactive employment of the professional would require the court to then allow compensation for the service rendered before, and without, the

---

Bankruptcy Procedure 2014(A) and Section 327(A) of the Bankruptcy Code Nunc Pro Tunc to July 22, 2015." (ECF No. 103.)

[4] In Blocksom's response to the Trustee, he adopted the Trustee's valuation of the amount recovered ($65,000.00). (ECF No 119 at 2.)

[5] In the Application to Employ, Blocksom stated that he "will be designated as attorney-in-charge and will be responsible for the representation of the Movant by the Firm." (ECF No. 107 at 3.) At the hearing, Blocksom clarified that he is seeking appointment individually and is proceeding on his own behalf. Accordingly, the issue raised by the Debtors regarding Blocksom's representation of Blocksom and Blocksom LLC is resolved.

4

court's knowledge or prior approval. Courts are divided on these issues. Some jurisdictions do not allow compensation for services provided by a professional before the court's approval, while others do allow retroactive employment. In re Concrete Products, Inc., 208 B.R. 1000, 1007-08 (Bankr. S.D. Ga. 1996)(collecting cases).

I have previously approved retroactive employment of attorneys. See In re Dees Logging, Inc., 158 B.R. 302 (Bankr. S.D. Ga. 1993); H. Moore v. Janowski (In re Diamond Manufacturing Co., Inc., No. 85-40555, 1990 WL 10004026 (Bankr. S.D. Ga. 1990). My colleague in this district, the Honorable Lamar W. Davis, Jr., has addressed applications for employment *nunc pro tunc* for professionals in In re Concrete Products, Inc., 208 B.R. 1000 (Bankr. S.D. Ga. 1996).

In Concrete Products, Judge Davis noted the split in authority and held that an application to employ *nunc pro tunc* may be approved if the professional demonstrates:

> 1) [T]hat the professional would have been qualified for employment at the onset, and throughout the period of time for which the services are to be compensated; and
>
> 2) that the applicant's failure to obtain prior approval at an earlier time is excusable.

Id. at 1008 (collecting cases). Finding that this excusable neglect standard is in line with my previous determinations

5

approving applications to employ *nunc pro tunc*, I apply the standard to the application before me now.

To qualify for employment as an asset recovery specialist, Blocksom must be disinterested. See 11 U.S.C. § 327(a). The Bankruptcy Code defines "disinterested person" as a person that

> (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(A)-(C).

Here, Blocksom asserts that he is "a disinterested person within the meaning of 11 U.S.C. § 101(14)." (Application to Employ Affidavit, ECF No. 107 at 5.) Nothing on the record indicates that Blocksom had, or has, any connection to the Debtors. Further, neither the Debtors nor the Trustee have challenged Blocksom's disinterestedness. For these reasons, Blocksom is a disinterested person now and was at the time he provided his services. Thus, I find that he would have been qualified to be employed at the onset and throughout the period of time in which he provided his services.

Blocksom must also demonstrate that his failure to obtain prior approval was due to excusable neglect. See Concrete, 208 B.R. 1000 at 1008 (citing In re Singson, 41 F.3d 316, 319-20 (7th

6

Cir. 1994)). To determine if excusable neglect exists I must first ask if there is neglect and, if so, whether the neglect is excusable. Id. (citing Pioneer Inv. Services v. Brunswick Associates, 507 U.S. 380, 392-94 (1993)). The excusability of the neglect is based on the totality of the circumstances. See id.

According to Blocksom's timesheets, he spent 10.5 hours on July 14, 2015, reviewing the 2013 tax-sale overage records of Beaufort County, South Carolina. He testified at the hearing that the 10.5-hour entry represents the time it took him to find the record of the tax-sale overage for the Property. Blocksom did not submit the Application to Employ until April 29, 2016. This nine-and-a-half-month delay between the time in which he performed his services and the submission of the Application to Employ clearly demonstrates Blocksom's neglect.

But the mere presence of neglect is not fatal if it is excusable. Here, it is clear the delay was caused by the disagreement between Blocksom and the Trustee about Blocksom's compensation. Thus, the neglect is excusable because the delay was not solely Blocksom's fault.

Given that Blocksom would have been qualified for employment and his failure to apply timely for employment was due to excusable neglect, the Application to Employ may be approved *nunc pro tunc*.

## II. Section 327(a) Combined with Rule 2014 Does Not Bar Approval of Blocksom's Application to Employ.

The Trustee argues that § 327(a) of the Bankruptcy Code combined with Rule 2014 of the Federal Rules of Bankruptcy Procedure bar the Court from approving any application to employ a professional that is not submitted by the Trustee. (See ECF No. 118 at 3.) Section 327(a) establishes a trustee's ability to employ a professional:

> [T]he trustee, with the court's approval, may employ one or more . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Rule 2014 provides that "[a]n order approving the employment of . . . professionals pursuant to § 327 . . . shall be made only on application of the trustee or committee." Fed. R. Bankr. P. 2014(a).

A professional's standing to submit an application on his own behalf was addressed by <u>Mehdipour v. Marcus & Millichap (In re Mehdipour)</u>, 202 B.R. 474 (9th Cir. BAP 1996). In <u>Mehdipour</u>, a real estate broker involved in the sale of a debtor's property filed an application to employ and a request for payment of commission on its own behalf after the debtor previously withdrew his motion to employ the broker. Overturning the lower court, the appellate court found that a professional is not barred by § 327 and Rule 2014 from seeking court approval for his employment:

8

> Section 327 does not, by its terms, limit standing of a professional to seek employment. The trustee or debtor in possession is usually the party who files an application to employ a professional pursuant to Rule 2014. However, the professional should be able to apply for court approved employment where it has been hired by the trustee or debtor in possession, and was assured that court approval would be sought. When the trustee or debtor in possession fails to seek court approval and the professional has performed services which benefit the estate based on the assurance that court approval would be sought, the professional should have standing to seek nunc pro tunc approval of employment. This ruling is not inconsistent with § 327 or Rule 2014 and would protect the debtor or trustee from receiving a windfall from the good faith efforts of a professional hired by the trustee or debtor in possession who rendered beneficial services to the estate.

Id. at 479-480.

Here, in contrast, Blocksom did not perform the initial 10.5 hours of service researching the tax-sale overage records with any assurance by the Trustee of being employed or compensated. However, Blocksom transferred the benefit of the 10.5 hours of service to the Trustee only after his initial conversation with the Trustee. The parties dispute aspects of the conversation pertaining to Blocksom's compensation, but the Trustee concedes that compensation was discussed, and he stated at the hearing that he had intended to file an application to employ Blocksom at some point.

Accepting that Blocksom transferred the information about the Property to the Trustee based on Blocksom's belief that he

9

would be employed and subsequently compensated, no matter the amount, I agree with <u>Mehdiour</u>. Denying the Application to Employ solely on the grounds that it was submitted by a party other than the Trustee would establish a potentially dangerous precedent. A trustee should not be allowed to leverage an exclusive ability to file employment applications against a professional seeking to be employed and compensated for services already performed. Therefore, I find that § 327(a) combined with Rule 2014 does not bar approval of Blocksom's Application to Employ.

### III. Reasonable Compensation for Blocksom's Services is $6,500.00.

In his Application for Compensation, Blocksom asserts he is entitled to $16,493.53 based on a verbal contract he made with the Trustee—a contract the Trustee denies making.

Even assuming a contract did exist between the parties, Blocksom's compensation must nevertheless be reasonable. Section 330 of the Bankruptcy Code allows me to award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). However, I may not award compensation for "services that were not reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(I).

According to Blocksom's timesheets, he provided 91 hours of service. But on examination, Blocksom testified that the 10.5-hour entry, identified as "Beaufort County- Overage Records for

10

2013 - (Includes review for bankruptcies)," represents the time it took him to find the tax-sale overage for the Property.

This distinction is important because only the 10.5 hours of review benefited the estate, while the remaining 80.5 hours benefited only Blocksom. I do not doubt that Blocksom worked many more hours attempting to ensure the Trustee would pay him; however, those hours were for Blocksom's benefit, not the estate's.

Accepting that Blocksom provided 10.5 hours of service benefiting the estate, I find that his request for compensation in the amount of $16,493.53 far exceeds what is reasonable.

The Bankruptcy Code does not specifically address asset recovery specialists or their compensation. When faced with similar facts and circumstance, at least one other bankruptcy court has looked to analogous state law for guidance. See In re Taylor, 216 B.R. 515 (Bankr. E.D. Pa. 1998) (referencing state escheat law, and holding that a property finder is limited to recovering 10% of the value of unclaimed property). Accordingly, I refer to Georgia law for guidance on reasonable compensation for an asset recovery specialist.

The Trustee's characterization of this compensation as a "finder's fee" is on point. Ultimately, Blocksom wants to be compensated for his discovery of an asset of the estate, not for the actual recovery of the asset (which was performed by the Trustee through special counsel). For reasonable compensation of

11

asset discovery, I am persuaded by Georgia law which caps fees for recovery of unclaimed property:

> The fees charged by any person, firm, or corporation to recover or assist in the recovery for and on behalf of a claimant of property reported and delivered to the [commissioner of revenue] under this article **shall not exceed 10 percent** of the value of the property recovered.

O.C.G.A. § 44-12-224(b) (emphasis added).

Blocksom argues that this statute is not persuasive because it refers to unclaimed properties that have been delivered to the Commissioner of Revenue. I disagree. The Georgia statute speaks both to the type of service Blocksom performed and the nature of the property he discovered. It makes no difference whether the tax-sale overage was in the possession of the Commissioner of Revenue or the Treasurer of Beaufort County.

The Debtors argue that Blocksom's compensation should be based upon the value of the tax-sale overage funds, less the cost of recovery. Again, I disagree. Had Blocksom not discovered the funds, neither the estate nor the special counsel employed by the Trustee would have received a dime. Accordingly, Blocksom's compensation is based upon the $65,000.00 value of the tax-sale overage funds when they were recovered by the estate.

Capping Blocksom's compensation at 10% of the $65,000.00 recovered by the Trustee, I find that reasonable compensation for Blocksom's services is $6,500.00.

12

**ORDER**

**IT IS THEREFORE ORDERED** that the Nunc Pro Tunc Application to Employ Jay Blocksom of Blocksom & Blocksom LLC as Asset Recovery Specialist is **APPROVED**;

**FURTHER ORDERED** that the Application for Compensation of Asset Recovery Specialist's Fee is **APPROVED IN THE AMOUNT OF $6,500.00**; and

**FURTHER ORDERED** that the Debtors' Objection and Response to Application for Compensation of Asset Recovery Specialist's Fee is **OVERRULED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This 4 day of August, 2016.

13